UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALLISON BARTON RICE, | Case No. 19-cv-04250-LB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR DISQUALIFICATION** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: ECF No. 66 |
| Defendants. | |

## INTRODUCTION

The plaintiff moved to disqualify the undersigned on the ground that the record shows an actual or perceived bias.[1] The court can decide the motion without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court denies the motion.

## GOVERNING LAW

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably questioned." 28 U.S.C. § 455(a); *Reddy v. Nuance Commc'n, Inc.*, No C 11-05632 PSG, 2012 WL 6652490, at *1 (N.D. Cal. Dec. 20, 2012) (setting forth the standards applied in this order).

---

[1] Mot. – ECF No. 66. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-04250-LB

Because the goal of § 455(a) is "to avoid even the appearance of partiality," recusal can be appropriate even when there is no actual partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (cleaned up). The inquiry is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (cleaned up). The reasonable person is not "hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* at 914 (cleaned up). If the reasonable person would not find a basis for partiality, a judge has an obligation to participate in the cases he is assigned. *Id.* at 912. The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (cleaned up).

A judge also must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

## ANALYSIS

The plaintiff moves for recusal because, in sum, he is concerned that the previous rulings in the case reflect a bias against him. But the rulings were based on the parties' filings in the proceedings, and that is not a ground for recusal. *Reddy*, 2012 WL 6652490, at *1 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (other citation omitted)).

The plaintiff also is concerned that because he filed a complaint of judicial misconduct regarding the undersigned, it is "not reasonable to believe that [the undersigned] could continue in this case without harboring some animosity" and thus could not "continue this case . . . with impartiality."[2] This is not a ground for recusal. *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) ("Absent some evidence of real bias, we are not prepared to infer bias lest we open the door to misuse of the judicial misconduct complaint process as a means of removing a disfavored judge from a case.").

---

[2] *Id.* at 14 (¶ 43).

The court appreciates the plaintiff's respectful tone in his motion and assures him that it will continue to take his arguments seriously.[3]

## CONCLUSION

The court denies the motion to disqualify. This disposes of ECF No. 66.

**IT IS SO ORDERED.**

Dated: January 5, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* (¶ 45).