UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALLISON BARTON RICE, | Case No. 19-cv-04250-LB |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: ECF No. 129 |
| Defendants. | |

**INTRODUCTION AND STATEMENT**

This case is about whether the City and County of San Francisco (CCSF) violated the Fair Housing Act when it denied the plaintiff's disability-related request to have a rent-paying roommate in his below-market-rate condominium. The purchase agreement allowed leasing only with the CCSF's written permission. The CCSF denied him permission.[1]

The CCSF disputes Mr. Rice's claims and hired a neuropsychologist as an expert. The plaintiff deposed the expert. During the deposition, where all participants were remote (meaning that the CCSF's counsel was not in the same room as the expert), the plaintiff marked the expert's report as an exhibit and shared it onscreen. Meanwhile, the expert was reviewing a hard copy of what he

---

[1] Summ. J. Order – ECF No. 159. Citations refer to material in the Electronic Case File (ECF). Pinpoint citations are to the ECF-generated page numbers at the top of documents and sometimes to pages numbers at the bottom of the documents and any line numbers.

ORDER – No. 19-cv-04250-LB

1  thought was his final report but instead was a draft report. After the CCSF recognized this during
2  the deposition, the expert clarified that the CCSF's exhibit was his final report and he had
3  inadvertently printed an earlier draft.[2]
4      The parties dispute whether the CCSF needs to produce the draft report. The plaintiff contends
5  that it must because the CCSF waived the attorney-client privilege under Federal Rule of Evidence
6  502(b) and used the report to refresh the expert's recollection under Rule 612. The CCSF counters
7  that the expert used the draft by accident and did not use it to refresh his recollection.[3] The court
8  denies production of the report because there was no waiver or refreshing recollection.

## ANALYSIS

Drafts of expert reports generally are protected. Fed. R. Civ. P. 26(b)(4)(B). There are exceptions: for example, a draft might have facts and data that the expert considered in forming his expert opinion. *Id.* R. 26(a)(2)(B)(ii). Here, the CCSF did not intend to disclose draft expert opinions.[4] The plaintiff asserts only that the CCSF waived privilege and used the draft to refresh the expert's recollection. Fed. R. Evid. 502(b); Fed. R. Evid. 612.[5] The issue matters to the plaintiff because the final report has the following sentence:

> To the extent Mr. Rice elects to live with a roommate, it is not apparent that Mr. Rice would receive a psychological benefit from having a rent-paying roommate rather than a non-rent paying roommate or that a rent-paying roommate would be necessary in light of Mr. Rice's psychological needs.[6]

The sentence is not in the draft report.[7]

    The draft is not discoverable: disclosure was inadvertent, and there was no refreshing of the expert's recollection.

---

[2] Disc. Letter Br. – ECF No. 129 at 1, 3–4.
[3] *Id.* at 2–5.
[4] *Id.* at 4.
[5] *Id.* at 2–5.
[6] *Id.* at 1 (citing Report, Ex. A to *id.* – ECF No, 129-1 at 13 (p. 11)).
[7] *Id.*

Under Fed. R. Evid. 502(b), the disclosure of a privileged document in a federal proceeding "does not operate as a waiver" if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Civ. P. 502(b). The plaintiff asserts inadvertent disclosure and thus has the burden of proving these elements. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

On this record, the disclosure was inadvertent, and the CCSF promptly took reasonable steps to rectify the error.

The issue then is whether disclosure is required because the expert refreshed his recollection with the draft report. Fed. R. Evid. 612. The plaintiff's counsel asked the expert to refer to sections of the final report. When he could not, he told counsel. That does not show that he used the draft report to refresh his recollection under Rule 612.

The court denies relief.

## CONCLUSION

The motion to produce the draft report is denied. This disposes of ECF No. 129.

**IT IS SO ORDERED.**

Dated: March 3, 2023

_____
LAUREL BEELER
United States Magistrate Judge