UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALLISON BARTON RICE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 19-cv-04250-LB<br><br>**ORDER REVIEWING CLERK'S TAXATION OF COSTS**<br><br>Re: ECF No. 233 |

## INTRODUCTION

The plaintiff Allison Rice sued the City and County of San Francisco (CCSF) for discrimination under the Fair Housing Act.[1] The case went to trial and the jury returned a verdict for the CCSF.[2] The court then entered judgment.[3] The defendant timely filed a bill of costs and the plaintiff objected to them.[4] The court can decide the matter without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and taxes the full amount of claimed costs ($19,469.61).

---

[1] First Am. Compl. – ECF No. 49. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Jury Verdict – ECF No. 224.

[3] Clerk's Judgment – ECF No. 225.

[4] Def.'s Bill of Costs – ECF No. 233; Obj. – ECF No. 250.

ORDER – No. 19-cv-04250-LB

# STATEMENT

On June 22, 2023, the jury returned a verdict in favor of the CCSF.[5] The court entered judgment on June 26, 2023.[6] On July 10, 2023, the CCSF filed a bill of costs totaling $19,469.61. The amounts are $340 for service of process; $4,766.95 for miscellaneous transcripts; $10,991.58 for deposition transcripts and video recording; $172.95 for deposition exhibits; $425 for notary and court-reporter fees; $542.25 for discovery documents; $1,962.77 for trial exhibits; $228.11 for visual aids at trial; and $40 for witness fees.[7] The plaintiff objected to the bill of costs.[8]

# GENERAL STANDARDS FOR TAXING COSTS

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

A district court has discretion to deny costs, but it must specify its reasons for doing so. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 591–92. Examples of reasons that support denying costs include some impropriety on the part of the prevailing party (including misconduct or bad-faith practices), a nominal recovery, a losing party's indigence or limited financial resources, whether the issues in the case were close or difficult, a chilling effect on civil rights plaintiffs of modest means, and whether the case presented a landmark issue of national importance. *See id.* at 592; *see also Quan v. Comput. Scis. Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS, 2006 WL 6338914, at *3 (N.D. Cal. Aug. 23, 2006). Inflated costs sometimes result in

---

[5] Jury Verdict – ECF No. 224.
[6] Clerk's Judgment – ECF No. 225.
[7] Def.'s Bill of Costs – ECF No. 233.
[8] Obj. – ECF No. 250.

"diminished award[s]" and sometimes result in denying taxable costs altogether. *See, e.g.*, *Jansen v. Packaging Corp. of Am.*, 898 F. Supp. 625, 629 (N.D. Ill. 1995).

Unless otherwise authorized by statute or contract, 28 U.S.C. § 1920 limits the costs that a court may award under Rule 54(d) to the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides guidance regarding the taxable costs in each category.

A bill of costs "must state separately and specifically each item of taxable costs claimed." N.D. Cal. Civ. L.R. 54-1(a). A party seeking costs must provide an affidavit saying that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed must be attached to the bill of costs." *Id.* "With regard to individual itemized costs, 'the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.'" *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002)).

The court reviews de novo the clerk's taxation of costs. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

## ANALYSIS

The plaintiff contends that costs should be denied on the grounds specified in *Ass'n of Mexican-Am. Educators*.[9] 231 F.3d at 591–92. The court considers those grounds in turn.

### 1. Impropriety

The issue is whether the plaintiff can "point[] to some impropriety on the part of the prevailing party that would justify a denial of costs." *Prado v. Fed. Express Corp.*, No. 5:12-cv-03945-PSG, 2015 WL 603194, at *2 n.8 (N.D. Cal. Feb. 11, 2015). The plaintiff does not identify specific costs incurred because of impropriety or bad faith and he does not otherwise identify impropriety. He instead gives his views on issues already litigated in the trial. The court appreciates that the plaintiff has strong views on those points, but they are not enough to justify denying costs.

### 2. Indigence

"In determining whether the financial resources of a plaintiff are so limited as to justify denying costs, there are no hard and fast rules" but "courts should use their common sense." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011) (cleaned up). "It is not necessary to find that the plaintiffs in question are currently indigent; rather, the proper inquiry is whether an award of costs might make them so." *Id.* (cleaned up). "Costs have been denied on the basis of financial inability in cases where plaintiffs are unemployed, sporadically employed and low-income, earning under $25,000 per year" (as of 2010), and where plaintiffs are "students [or] recent graduates with significant student debt and little income." *Id.* (cleaned up).

The plaintiff contends that his "financial position now is a zero or negative net worth" and that "[t]o the extent details are required . . . , [he] can provide them under seal or perhaps in a private discussion with this [c]ourt."[10] In his reply, he expands on this: he "is now in significant debt" and

---

[9] Obj. – ECF No. 250.

[10] *Id.* at 21.

"[cannot] afford to do anything except meet his basic monthly living expenses and strive to pay down his debt as best he can with his limited Social Security and VA compensation."[11] The CCSF points out that at trial, the plaintiff testified "that he own[s] his current place of residence near Austin, Texas," that "he receives monthly benefits in the amount of approximately $2,915 from the [VA] and approximately $940 from Social Security," and that he received an inheritance.[12]

The plaintiff has not satisfied his burden to establish that he is unable to pay the claimed amount in costs. His sources of income have been sufficiently established. Also, the CCSF would presumably be amenable to a payment plan. The court thus denies the plaintiff's request to deny costs on this ground.

### 3. Chilling Effect on Civil Rights Plaintiffs of Modest Means

Although the plaintiff is a civil-rights plaintiff and arguably is of modest means, this case presented an unusual factual context and the claimed costs are not prohibitive in amount. Also, the Fair Housing Act allows for "the prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). Under the circumstances, the court declines to deny costs on the basis of a chilling effect.

### 4. Landmark Issue of National Importance

The plaintiff contends that because no court of appeals has decided whether punitive damages are available under the Fair Housing Act, and the plaintiff is currently raising that issue on appeal, this case presents a landmark issue of national importance. But that does not qualify as a "landmark" issue because it is not unique to this case or novel; any Fair Housing Act plaintiff can argue for punitive damages.

The plaintiff also contends another issue in this case is a landmark one: whether the CCSF may "rely on its own internal policy or [its] employees' interpretation of that internal policy and

---

[11] Pl.'s Reply – ECF No. 258 at 12–13.
[12] Def.'s Opp'n – ECF No. 257 at 10.

ORDER – No. 19-cv-04250-LB                5

ignore the [Fair Housing Act] to determine [whether the plaintiff] may or may not 'lease a portion of his home' to 'rent-paying roommates or a rent-paying roommate' to ameliorate the symptoms of his mental illness disability." The court appreciates that this was the issue in the case and it was important to the plaintiff, but it is more of a narrow or unusual issue than a "landmark issue of national importance."

The court denies the request to deny costs on this ground.

**5. Close or Difficult Issues**

Issues are close or difficult when the decision turns on "careful evaluation of witness testimony and circumstantial evidence." *Ogbechie v. Covarrubias*, No. 5:18-CV-00121-EJD, 2021 WL 2865183, at *3 (N.D. Cal. July 8, 2021). Here, the issues were not particularly complicated.

\* \* \*

The court, again, appreciates the plaintiff's strong views on the case. But the circumstances do not warrant denying costs to the prevailing party. The court taxes the full amount of claimed costs.

## CONCLUSION

The court taxes total costs of $19,469.61. This resolves ECF Nos. 233 and 250.

**IT IS SO ORDERED.**

Dated: March 31, 2024

_____
LAUREL BEELER
United States Magistrate Judge