United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ALLISON BARTON RICE,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 19-cv-04250-LB

**ORDER DENYING MOTION TO VACATE JUDGMENT**

Re: ECF No. 288

**INTRODUCTION**

The plaintiff sued the City and County of San Francisco (CCSF) and other city officials, alleging that the CCSF's refusal to grant permission for a rent-paying roommate in his below-market-rate condominium and the CCSF's warning that it may enforce its no-leasing policy violated the Fair Housing Act, 42 U.S.C. §§ 3604, 3617.[1] After the jury returned a verdict in favor of the defendants in June 2023 and the Ninth Circuit affirmed the judgment in June 2026, the plaintiff now moves to alter the judgment under Federal Rule of Civil Procedure 60(b)(6), (d)(3), alleging that his attorney committed gross negligence by narrowing his § 3617 claim without his approval, failing to submit a CCSF Inclusionary Affordable Housing Program Monitoring and

[1] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 4, 14, 18. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

Procedures Manual into evidence despite the plaintiff's instructions, and "convince[ing]" him not to alert the court of an unpublished Ninth Circuit memorandum that he believed was relevant to this case.[2] The defendants respond that the conduct cited by the plaintiff amounts to disagreements of strategy between him and his attorneys that do not warrant relief under Rule 60.[3] The court denies the motion.

**ANALYSIS**

The plaintiff has not established relief under Rule 60(b)(6) or (d)(3).

Rule 60(b)(6) is a catch-all provision that allows a party to seek relief from judgment for "any other reason that justifies relief." "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (cleaned up). The Ninth Circuit has "cautioned that this Rule is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (cleaned up).

The three bases that the plaintiff points to (narrowing jury instructions without his approval, failing to submit City manuals into evidence, and not citing the unpublished Ninth Circuit memorandum) were strategic decisions by his attorneys.[4] These are not extraordinary circumstances warranting relief under Rule 60(b)(6). *Cf. BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211–12 (2025) (extraordinary circumstances where "[t]he petitioner was in jail, weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one, and disturbed and fully occupied in efforts to protect himself against the gravest criminal charges in separate proceedings" (cleaned up)).

The plaintiff contends that he also qualifies for the exception under *Community Dental Services v. Tani* for gross negligence. 282 F.3d 1164, 1169 (9th Cir. 2002). But the conduct in

---

[2] Mot. – ECF No. 288 at 12–16; Jury Verdict – ECF No. 224; J. – ECF No. 225; Mem. – ECF No. 282; Order – ECF No. 285; Mandate – ECF No. 287.

[3] Opp'n – ECF No. 290 at 3–6.

[4] *Id.* at 4.

*Tani* (the lawyer "abandon[ing]" the client by failing to (1) contact the opposing party for preliminary settlement discussions, (2) oppose a motion to strike the answer, and (3) attend various hearings) is not similar to the disagreements with counsel that the plaintiff alleges here. *Id.* at 1171. Thus, he is not entitled to relief under Rule 60(b)(6).

The plaintiff also has not established "fraud on the court" under Rule 60(d)(3). Rule 60(d)(3) only preserves the Court's power to "set aside a judgment for fraud on the court," a distinct species of fraud that must be shown by clear and convincing evidence and typically does not arise from "[m]ere nondisclosure of evidence," "perjury by a party or witness," or other mere fraud "connected with the presentation of a case to a court." *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'" *Id.* at 444 (cleaned up). The fraud must go "to the central issue in the case" and must "affect the outcome of the case," *id.* at 452, 448, and must not have been known "at the time of settlement or entry of judgment," *Sierra Pac. Indus.*, 862 F.3d at 1168.

The plaintiff has not shown by clear and convincing evidence anything more than nondisclosure of evidence or "mere fraud" connected with the presentation of a case. To the extent that the plaintiff contends that he was unaware of these issues at the time of judgment, he should have been. *Tani*, 282 F.3d at 1168 ("[A] client is ordinarily chargeable with his counsel's negligent acts" and "are considered to have notice of all facts known to their lawyer-agent" (cleaned up)). Thus, Rule 60(d)(3) does not apply.

**CONCLUSION**

The court denies the motion. This resolves ECF No. 288.

**IT IS SO ORDERED.**

Dated: August 10, 2026

LAUREL BEELER
United States Magistrate Judge